UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>    v.<br><br>TYLER JOHN DESMOND,<br><br>                     Defendant. | CASE NO. 2:22-cr-00188-TL<br><br>ORDER ON MOTION TO<br>APPEAL RELEASE ORDER |

This matter is before the Court on the Government's Motion to Appeal Release Order (Dkt. No. 51), appealing the June 13, 2023, order of United States Magistrate Judge Michelle L. Peterson (Dkt. No. 48). Having conducted a *de novo* review and considered the Indictment (Dkt. No. 1), the audio recording of the June 13 revocation hearing (Dkt. No. 45), Mr. Desmond's response (Dkt. No. 52), and the relevant record, the Court DENIES the motion.

### I. BACKGROUND

Mr. Desmond faces a single charge related to the possession of sexually explicit content involving children. On November 2, 2022, a grand jury indicted Mr. Desmond on one count of

Possession of Child Pornography, 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). *See* Dkt. No. 1. Mr. Desmond was summoned to appear for arraignment (Dkt. No. 4), which he did on November 10 (Dkt. No. 8). Pretrial Services filed a report in which it recommended release with conditions. *See* Dkt. No. 7. At arraignment, the Government did not seek detention, and Mr. Desmond was released with conditions. Dkt. Nos. 8, 10.

From February 8 to April 13, 2023, Pretrial Services filed five petitions alleging that Mr. Desmond violated conditions of his release. Dkt. No. 51-3; Dkt. Nos. 17, 21, 27, 31, 36. In all, Mr. Desmond was charged with seven violations. *See* Dkt. No. 51 at 4 (summarizing allegations). Five allegations concerned Mr. Desmond's drug use (nos. 1, 3–4, 6) and failure to report for drug testing (no. 2). Two allegations concerned Mr. Desmond's use of the internet (no. 5) and commission of the crime of False Statement, 18 U.S.C. § 1001(a)(2) (no. 7). Mr. Desmond admitted to all but the last allegation, which was found to be established by the magistrate judge after a hearing. Dkt. No. 34. Over this period, the magistrate judge held six hearings, which included live testimony. Dkt. Nos. 23, 29, 34, 39, 42, 45. At the conclusion of the last hearing, the magistrate judge ordered Mr. Desmond released to the House of Mercy in Seattle on home detention and location monitoring, as well as computer monitoring. *See* Dkt. Nos. 47 (appearance bond), 48 (order). Mr. Desmond has been detained at the Federal Detention Center since March 21 on the violations.

The Government requested an emergency stay of the release order (Dkt. No. 46), which this Court granted (Dkt. No. 49). The Government now appeals the magistrate judge's release order. Dkt. No. 51. Mr. Desmond opposes. Dkt. No. 52.

ORDER ON MOTION TO
APPEAL RELEASE ORDER - 2

## II.  LEGAL STANDARD

### A.  Standard of Review

If a person is ordered released by a magistrate judge, the Government "may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1). A district court reviews the release order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191–93 (9th Cir. 1990).

### B.  Revocation of Release

Under the Bail Reform Act (the "Act"), a person who is released under the Act, and who has violated a condition of their release, is subject to revocation of release and detention. 18 U.S.C. § 3148(a). The Government may initiate a proceeding for revocation by motion. 18 U.S.C. § 3148(b).

In order to revoke a person's release and order detention, a court must hold a hearing and undertake a two-step inquiry. 18 U.S.C. § 3148(b). First, the Government must show that the person violated their release conditions: either (A) "probable cause to believe that the person has committed a Federal, State, or local crime while on release"; or (B) "clear and convincing evidence that the person has violated any other condition of release." 18 U.S.C. § 3148(b)(1). Where there is probable cause to believe that the person committed a *felony* offense while on release, there is a rebuttable presumption that no condition or combination of conditions will assure community safety. 18 U.S.C. § 3148(b). If the presumption is triggered, the person must produce some evidence to rebut the presumption, which, if rebutted, remains as a consideration in the ultimate determination.[1]

---

[1] It appears that the Ninth Circuit has not explained how the § 3148 presumption should operate. However, the Tenth Circuit and the D.C. Circuit, and other courts in this Circuit, have understood it to operate like the § 3142 presumption. *See United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989); *Manafort*, 897 F.3d at 344–45; *United States v. Soria*, No. C11-0156, 2011 WL 3651272, at *6 (D. Nev. Aug. 17, 2011) (quoting *United States v.*

ORDER ON MOTION TO
APPEAL RELEASE ORDER - 3

Second, the Government must show[2] the person's likely conduct if they are released again: either (A) "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," considering the factors in 18 U.S.C. § 3142(g); or (B) "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

### III.  DISCUSSION

**A.  Mr. Desmond's Violation of Release Conditions**

There is no question that the first step of § 3148(b) is satisfied. First, after a hearing that included live testimony (Dkt. No. 34), the magistrate judge found probable cause that Mr. Desmond committed a federal felony offense (18 U.S.C. § 1001(a)(2)) while on release. 18 U.S.C. § 3148(b)(1)(A); *see* Dkt. No. 51 at 4. Mr. Desmond apparently does not contest the finding of probable cause. *See* Dkt. No. 52 at 6 ("Because one of the violations was a false statement, there is a presumption against release . . . ."). Second, Mr. Desmond admitted to six violations of his release conditions. 18 U.S.C. § 3148(b)(1)(B); *see* Dkt. No. 51 at 4. Mr.

---

*Gill*, No. C06-0312, 2008 WL 2120069, at *3 (E.D. Cal. May 20, 2008)); *United States v. Zaragoza*, No. C08-0083, 2008 WL 686825, at *1 (N.D. Cal. Mar. 11, 2008); *cf. United States v. Davis*, 845 F.2d 412, 415 (2d Cir. 1988) ("[I]n providing that a rebuttable presumption arises upon a finding of probable cause, § 3148 assumes that the defendant will be given an opportunity to present evidence against that presumption.").

[2] It appears that the Ninth Circuit has not identified an evidentiary standard for findings under 18 U.S.C. § 3148(b)(2). The Second Circuit and the Fifth Circuit, and other district courts in this Circuit, have held that the standard is "preponderance of the evidence." *See United States v. Gotti*, 794 F.2d 773, 778 (2d Cir. 1986); *United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990); *United States v. Mendez*, No. C21-0095, 2023 WL 3931720, at *4 (E.D. Cal. June 9, 2023); *United States v. Damato*, No. C20-0221, 2020 WL 2088100, at *2 (D. Nev. Apr. 29, 2020). However, the Act elsewhere requires "clear and convincing evidence" for detention based on safety, 18 U.S.C. § 3142(f), and the Supreme Court has indicated that pretrial detention may violate constitutional rights in some circumstances. *See generally United States v. Salerno*, 481 U.S. 739 (1987); *see also* Sandra G. Mayson, *Dangerous Defendants*, 127 Yale L. J. 490, 504–07 (2018) ("In fact, *Salerno*'s holding was relatively narrow. Although the Court held that neither the Due Process Clause nor the Eighth Amendment prohibits preventive detention entirely, it also recognized that each does *limit* the state's detention authority." (emphasis in original)).

Here, regardless of which standard is applied, the Court's conclusion is the same. *Cf. United States v. Manafort*, 897 F.3d 340, 344 n.1 (D.C. Cir. 2018) (affirming revocation of release without addressing standard, adding that "district courts would be well advised to state the standard of proof being employed on the record in future circumstances").

ORDER ON MOTION TO
APPEAL RELEASE ORDER - 4

Desmond acknowledges that this alone satisfies the first step. *See* Dkt. No. 52 at 6 ("[T]he inquiry is two steps, but for our purpose, the only concern is the second step since Mr. Desmond has admitted to the violations.").

While the finding of probable cause triggers a presumption of detention as to danger, 18 U.S.C. § 3148(b), the Court also finds that Mr. Desmond has rebutted that presumption with some evidence. *Cook*, 880 F.2d at 1162 ("The burden of production is not heavy . . . but in order to rebut the presumption, the defendant must produce some evidence."). Mr. Desmond has no criminal record prior to the instant matter and pending state matters in Kirkland and Seattle. *See* Dkt. No. 7 at 4–6. He has been released with conditions on all state matters since June 2021, with no additional arrests and no contact with the alleged victims. *Id.* Further, while records obtained from Google show that Mr. Desmond used the internet when not permitted to do so, the records also show that there may have been some confusion with regard to this condition of release (Dkt. No. 52 n.3), and Mr. Desmond did not use the internet for any nefarious purpose. Instead, he did things like email his location officer for permission to have lunch with his mother, order groceries from Amazon, and change recovery information for his Google account after learning other persons were accessing his account. Dkt. No. 52 at 2; Dkt. No. 51-2 at 6–10. According to Pretrial Services and the Government, there is no allegation or indication in the Google records that Mr. Desmond contacted the alleged victims in this matter. Audiotape: Bond Revocation Hearing, Dkt. No. 45, at 12:24–12:43 (on file with the Court) (the "Audiotape"). Still, the presumption remains as a factor for consideration. *See Cook*, 880 F.2d at 1162.

The Court now turns to Mr. Desmond's likely conduct if released and will weigh the presumption along with the § 3142(g) factors.

B.    **Mr. Desmond's Likely Conduct If Released**

1.    **The 3142(g) Factors**

Considering the § 3142(g) factors, the Court finds that there is a combination of conditions that will assure Mr. Desmond will not flee and community safety. 18 U.S.C. § 3148(b)(2)(A). The magistrate judge reached the same conclusion after six hearings.

a.    *Nature and Circumstance of Offense Charged*

Mr. Desmond is charged with one count of Possession of Child Pornography, which is undoubtedly a serious offense and for which Mr. Desmond faces up to 20 years of imprisonment. 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2). The offense does not trigger the presumption of detention in 18 U.S.C. § 3142(e) and does not carry a mandatory minimum sentence.

Therefore, the Court finds that this factor weighs in favor of detention.

b.    *Weight of the Evidence*

The Government provides a "Certification for Determination of Probable Cause" from the Kirkland Police Department which provides evidentiary support for the instant matter as well as pending state matters. *See* Dkt. No. 51-1. The return of a valid indictment further indicates that the evidence has some persuasive weight. *See* Dkt. No. 1. Still, despite all the evidence the Government has and may ultimately bring to bear in this case, Mr. Desmond is presumed innocent before trial, and nothing in the Court's analysis may be construed as modifying or limiting that presumption. 18 U.S.C. § 3142(j). Further, the Ninth Circuit has repeatedly declared that the weight of the evidence is the least important factor, and the statute neither requires nor permits a pretrial determination of guilt. *Gebro*, 948 F.2d at 1121; *see also Hir*, 517 F.3d at 1090; *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1408.

Therefore, while the Court finds that this factor weighs in favor of detention, it treats this factor as the least important.

ORDER ON MOTION TO
APPEAL RELEASE ORDER - 6

### c.   *History and Characteristics of Mr. Desmond*

As discussed above, Mr. Desmond has no criminal record prior to the instant matter and other pending matters, and he has been released on those matters without incident. *See supra*, Section III.A. Further, the Google records show that Mr. Desmond did not use the internet for nefarious purposes. *Id*. Nevertheless, the Government rightly notes that Mr. Desmond's activity, including evidence that he erased all data on his phone on March 9, is "deeply concerning" and suggests a pattern of deception. Dkt. No. 51 at 5, 9. The Court shares the Government's concern, as well as the magistrate judge's belief that Mr. Desmond was "being wise by half" and did, in fact, understand that he was not permitted to use the internet. Audiotape, at 16:26–17:23.

Therefore, the Court finds that this factor weighs narrowly in favor of release. However, Mr. Desmond is cautioned that this decision was a very close one. The Court will not tolerate any further deception from Mr. Desmond.

### d.   *Danger to Any Person or the Community*

It is notable to the Court, as it was to the magistrate judge, that the Government did not move for detention at Mr. Desmond's initial appearance in November 2022.[3] *See* Dkt. No. 8. Further, Mr. Desmond has now secured a spot at a Seattle location of the House of Mercy, a supporting housing program. Dkt. No. 52 at 8. There, he will be able to visit with his family, access needed treatment, and fully assist his lawyers in his own defense. *Id*. Pretrial Services confirmed that Mr. Desmond can be on location monitoring while he resides there. Audiotape, at 15:55–16:01.

Therefore, the Court finds that this factor weighs in favor of release.

---

[3] When asked by the magistrate judge why detention was not pursued at arraignment, the Government stated that there is always concern when there is an allegation of harm to children, but that it didn't feel it was in a position to raise the issue at arraignment because Mr. Desmond had already been out on bond in King County for a period of time. Audiotape, at 14:07–14:58.

### 2. Likelihood of Abiding by Conditions of Release

The Court also finds that Mr. Desmond is likely to abide by the conditions of his release. 18 U.S.C. § 3148(b)(2)(B). Mr. Desmond has been incarcerated since March 21, 2023 (Dkt. No. 29), as a result of his violation of release conditions. *See* Dkt. No. 52 at 3–5. That time is itself a severe sanction and a cautionary experience. Further, Mr. Desmond will now reside at the House of Mercy, where he will receive support to help assure that he complies with all conditions. Finally, by obtaining a search warrant and pursuing this revocation, the Government has demonstrated to Mr. Desmond the seriousness with which it will treat any future violations. Mr. Desmond is on notice that another step out of line is likely to be discovered, proven, and lead to his reincarceration.

### IV. CONCLUSION

Accordingly, the Court DENIES the Government's Motion to Appeal Release Order. Dkt. No. 51.

Dated this 16th day of June 2023.

Tana Lin
United States District Judge